**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 06-4834**

———————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

WILLIAM ROCKY PAULEY, JR.,

Defendant - Appellant.

———————

Appeal from the United States District Court for the Southern District of West Virginia, at Charleston.  Joseph Robert Goodwin, District Judge.  (2:05-cr-00178-1)

———————

Submitted:  April 9, 2007                    Decided:  May 8, 2007

———————

Before WILLIAMS and MICHAEL, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Vacated and remanded by unpublished per curiam opinion.

———————

John G. Hackney, Jr., Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, W. Chad Noel, Assistant United States Attorney, Charleston, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After pleading guilty to conspiracy to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2000), and conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956(a)(1)(A)(I), (h) (2000), William "Rocky" Pauley, Jr., was sentenced to 210 months' imprisonment. On appeal, Pauley argues that the district court misunderstood the scope of its discretion under United States v. Booker, 543 U.S. 220 (2005).

Prior to announcing Pauley's sentence, the district court made the following statements on the record:

> I do not have the authority to show mercy and impose any sentence that I want. I have to meet a very rigid and very inflexible standard in order to impose any sentence other than a sentence that is within the Sentencing Guidelines. . . .

> Now, if you were to interpret the Supreme Court's opinion in Booker, the remedial opinion . . . then certainly a sentence less than 210 months would certainly be justified in this case as reasonable . . . .

> [But] I do not believe under the standard set by the Fourth Circuit that a sentence below this could be justified as reasonable. That is to say, I want to make clear on the record so you have it for appeal or any other purpose that I feel constrained by the guidelines. I feel very little difference exists between the advisory guidelines, so-called advisory guidelines as interpreted by our circuit and other circuits and the mandatory guidelines that were in effect prior to the decision in Booker. . . .

> I have to make it clear . . . that the guidelines control. They're still there. They're no different than they were before.

(J.A. at 79-81.)

After reviewing this record, it is obvious the district court misunderstood our precedents and its role in sentencing. We therefore agree that the district court sentenced Pauley while operating under the erroneous belief that its discretion to sentence Pauley outside the guideline range was "almost nonexistent." Under our post-Booker cases, a district court may impose a sentence below the guidelines range if, after assessing the factors in 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), it believes such a sentence is "sufficient, but not greater than necessary," to achieve the goals of § 3553(a). See United States v. Davenport, 445 F.3d 366, 370 (4th Cir. 2006) (internal quotation marks and citation omitted). Although we do not accord district courts a free hand with respect to departures and variances, see United States v. Moreland, 437 F.3d 424, 434 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006), we also do not foreclose a sentence outside the properly calculated guidelines range if accompanied by an explanation that makes the final sentence a reasonable one.

Because the record indicates that the district court misunderstood our precedent, we vacate its judgment and remand for resentencing consistent with this opinion.[*] We dispense with oral argument because the facts and legal contentions are adequately

---

[*]Nothing in this opinion should be read to suggest that we have formed any view regarding the appropriate outcome of Pauley's resentencing.

presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED